LESLIE COHEN ESQ.
California Bar No.
LESLIE COHEN LAW
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Phone: (310) 394-5900
Facsimile: (310) 394-9280
Attorney for Perry and Rita Klein

DAVID J. WINTERTON ESQ.
Nevada Bar No. 004142
DAVID J. WINTERTON & ASSOCIATES LTD.
211 N. Buffalo Dr., Suite A
Las Vegas, Nevada 89145
Phone: (702) 363-0317
Facsimile:(702)363-1630
Co-counsel for Perry and Rita Klein
david@davidwinterton.com

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SHALAN ENTERPRISES, LLC<br>Substantially consolidated with<br>Alan Rapoport,<br><br>Debtor<br><br>☐ This pleading affect Shalan only<br>☐ This pleading affect Rapoport only<br>☒ This pleading affects both Shalan and Rapoport | Case No.        2:09-bk-43263-SB<br><br>Chapter 11<br><br><br><br>DATE: December 15, 2010<br>TIME: 9:30 a.m.<br>COURTROOM: 1539, 255 East Temple Street, Los Angeles, CA 90012 |

### REPLY TO OBJECTION OF DEBTORS DISCLOSURE STATEMENT FILED BY PERRY AND RITA KLEIN

COMES NOW creditors Klein, by and through their counsel of record, and hereby submit

the following Reply to Objection of Debtors Disclosure Statement Filed By Perry and Rita Klein

as follows:

I.    **The Disclosure Statement contains adequate information as defined by section**

**1125(a)(1)**

The bankruptcy court has discretion in determining what constitutes adequate

information. Micro-Waste Corp. v. Sanitec Indus. (In re Sanitec Indus.), 2009 Bankr. LEXIS

4532 (B.A.P. 9th Cir. Dec. 21, 2009). Such a determination is subjective and is to be made on a case-by-case basis. Id. Debtors objection with regard to inadequate information center on the Plan Administrator and the Kleins claim.  Neither of these objections have merit justifying a denial of the disclosure statement.

A.    **The Disclosure Statement contains sufficient information regarding the Plan Administrator.**

As set forth in the Disclosure Statement, the Plan Administrator will liquidate the estate for the benefit of the creditors. The Disclosure Statement is replete descriptions of the duties, powers and role of the Plan Administrator.  Debtors allegation that the Kleins are not going to appoint a disinterested and independent Plan Administrator is simply not true.  The proposed plan requires this Court to approve the Plan Administrator and requires the Plan Administrator to be a Disinterested Person. *Plan at 41, ln 17-22.* The plan requires this Court's approval of the Plan Administrator. *Id.*  From a practical standpoint, the Kleins are planning on approaching the US Trustee's office for recommendations and then identify the individual and file the appropriate approval paperwork with the court.

Given the plan administrator cannot be compelled to act as a plan administrator it was the Kleins belief that naming a particular person in the disclosure statement or plan would actually lead creditors to believe the person is more important than the position and powers of the plan administrator.  If the Court does not believe the plan administrator will be disinterested with regard to the Klein Litigation, conflict counsel could easily be appointed.  The bottom line is the liquidation of the estate to pay creditors is a straight forward process and a plan administrator is an acceptable means to accomplish liquidation under Section 1123.  The creditors just want to be paid and do not have an axe to grind as suggested by Debtor.

The Debtors objection regarding the Plan Administrator simply as no merit as the Disclosure Statement is replete with descriptions of the plan administrator role, duties and obligations.  Further naming a certain person is not necessary given the plan administrator role,

1  duties and obligations are more important than a single person and the plan requires this Court to

2  approve the person acting as the Plan Administrator.  Lastly, the plan requires the Plan

3  Administrator to be Disinterested.

4      **B.     Kleins Claim Is Estimated By This Court**

5      A large portion of claim is undisputed, and the estimation of the claim occurred on

6  December 8, 2010.  The Court has allowed approved a portion of Kleins claim for voting

7  purposes.

8  **II.    The Disclosure Statement Does Not Contain Misleading Statements**

9      **A.     Klein Litigation Is Accurately Described**

10     The disclosure statement sets forth the facts of the Klein Litigation accurately.  Debtor

11 objects because he believes he prevailed on appeal, he claims the interest rate is not calculated

12 correctly, and he believes the facts do not present his side of the story.  None of these objections

13 have factual or legal merit.

14         **1.     Representations Regarding Outcome of Appeal**

15     First, the Disclosure Statements accurately describes the outcome of the  appeal by setting

16 forth the Nevada Supreme Court affirmed $3,275,883.67 against the Debtor and the prepetition

17 post judgment interest totaled $1,014,985.14. *Disclosure, p. 7, ln 23-26*.  The Disclosure

18 Statement clearly indicates, "the litigation must be completed to determine the entire amount of

19 Kleins claim." *Disclosure, p. 7-1, ln 23-1*.  The Debtors arguments that the claim is misstated is

20 simply not true.  Evidently, the parties disagree who prevailed on the appeal, but the bottom line

21 is the affirmed portion of the judgment is in excess of four million.   Now Kleins get to retry

22 their two best cause of actions, which again, the disclosure statement clearly states is subject to a

23 trial in Nevada. *Disclosure, p. 7-1, ln 23-1*.

24         **2.     Representation Regarding Prepetition Interest**

25     Second, Kleins prepetition interest is correctly disclosed. *Disclosure, p. 5, ln 21*.  Debtor

26 incorrectly asserts the post judgment prepetition interest is subject to the federal interest rate.

27

28                        Page 3 of 8

1   The authority cited by Debtor states post petition interest on a solvent debtor is the federal rate.

2   See Onink v. Cardelucci (In re Cardelucci) 285, F.3d 1231, 1234 (9th Cir. Cal. 2002). The

3   $1,014,985.14 is prepetition interest that accrued at the state statutory rate. See *Disclosure, p. 5,*

4   *In 21.*   The post petition interest still needs to be added and was not disclosed because it is still

5   accruing.  Debtor is not citing applicable authority, and his argument that prepetition interest is

6   subject to the federal interest rate is not correct.   Accordingly, the disclosure of interest in the

7   Disclosure Statement is correct.

8               **3.      Rapoport False Statements**

9          Third, Kleins statements in the disclosure statement are accurate. Each of Mr. Rapoport's

10  objections are address below:

11               **a.      Representation Regarding 4515 Roma Court, Marina Del Ray**

12                        **And Fraudulent Transfer**

13         Kleins description of 4514 Roma Court, Marina Del Ray is supported by Debtor's own

14  admissions, the lack of consideration paid for the Property, the timing of the transfer, and the

15  Debtors use of estate funds.   Rapoport formed a QPRT trust during the Klien v. Rapoport trial.

16  Klein obtained their judgment against Rapoport on March 20, 2006. Rapoport signed the Deed

17  transferring the to the Property on March 21, 2006, the day after the judgment entered. *Exhibit 1.*

18  Debtor does not believe consideration was not paid for the Property.  Debtor continue to reside in

19  the Property. Debtor's schedules the trust value as "unknown."

20         The Debtors operating reports show Debtor is paying the mortgage on  4515 Roma Court,

21  Marina Del Ray.  Debtor and his wife are the Trustors of the Trust that holds title to the Property.

22  The Trust that allegedly owns the property states:

23         The trustee shall permit the trustor to use any residence held as part of the trust estate (or
           interest therein) as the personal residence of the trustor without rent or other charge.
24

25  If the Debtor can live in the Property without charge there is no reason to pay approximately

26  $5000 a month with estate funds.   The real issue is there is significant equity above any

27

28                          Page 4 of  8

1  homestead exemption in 4515 Roma Court, Marina Del Ray but the Debtor is attempting to

2  conceal it from the creditors. It is believed the mortgage and value of the property show there is

3  in excess of $1,000,000.00 in equity.

4      Kleins statements regarding the fraudulent transfer and 4515 Roma Court, Marina Del

5  Ray are accurate and an avoidance action is necessary because Debtor has refused to unwind the

6  transfer or list the value on his schedules.

7               **b.      Representations Regarding Debtors Dely In Payment Of**

8                          **Creditors and Failure To File Plan**

9      Within a week of filing the bankruptcy Rapoport called Klein and told him he was filing

10  bankruptcy to delay payment as long as he can.  Further during a break during the 2004 exam, the

11  Debtor indicated to Klein that he would not be around in these legal proceedings this long unless

12  there was some type of contingency legal fee agreement. . The Debtor did not mix his words by

13  indicating he was delaying payment as long as possible.

14      Debtor incorrectly claims Klein's statement, "Debtors had until March 25, 2010 to

15  propose a plan to reorganize but Debtors did not file a plan" is incorrect.  Section 1121 provides

16  Debtor 120 days to file a plan and then any parities in interest may propose a plan.  The 120th

17  day was March 25, 2010.  It is undisputed Debtors did not file a plan.   Kleins statement is

18  accurate and not misleading.

19               **c.      The Debtor Has Not Listed All Community Assets**

20      Debtor has failed to schedule a nonexempt retirement account with over $700,000.00.

21  Debtor's affidavit attached to his Objection contains a bald face misrepresentation that an

22  account belongs to his wife.  In Debtor's 341 meeting he testified as follows:

23      Mr. Clemetson:      . . . does Mrs. Rapoport have any separate property that's not listed
                            in your bankruptcy schedules?
24      Mr. Rapoport:       There is (inaudible conversation)
        Mr. Rapoport:       They're all listed.
25      Mr. Clemetson:      Okay. So no separate property that is not listed on the schedules?
        Mr. Rapoport:       No.
26
        *Exhibit 2. Transcript 341 Meeting, p. 29-30.*
27

28

1  Additionally, a month before Debtor filed bankruptcy he was required to produce documents

2  regarding his accounts. Debtor produced two different retirement account statements. One

3  account with $734,097.78 and another with $826,767.85. Debtor has only listed one account in

4  his schedules. In the 2004 Exam Debtor could not explain the two different accounts. Finally

5  the following was admitted:

6      Mr. Winterton:        Okay. So you have two accounts one with $734,000 and the other
                             826,000; correct?
7      Mr. Rapoport:         Yes.

8  *Exhibit 3, 2004 Exam, p. 33, ln 16-17.*

9  After testifying that his wife did not have separate property at his 341 meeting and that both

10  accounts were his in the 2004 exam, Debtor is taking a new position in his affidavit. Kleins

11  representations regarding the unlisted community property is supported by Debtor testimony

12  under oath. The Debtor cannot simply change ownership during the bankruptcy. Debtor's most

13  recent affidavit is simply false.

14                    **d.    Representation On Documents Regarding 2004 Exam**

15      Klein filed the Disclosure Statement on October 6, 2010. Debtor filed a Declaration

16  stating he did not have the documents requested on October 21, 2010. Debtor is changing the

17  timeline in an attempt to create an argument.

18                    **e.    Administrative Fees**

19      Klein believes Debtor's administrative fees are excessive. Over $200,000 will be paid

20  and there is not even a plan. It is an accurate statement that the longer this case goes the less the

21  estate is worth.

22  **III.    Kleins Plan is Confirmable**

23      **A.    Section 1129(a)(15) is properly set forth in the Plan**

24              **1.    The Majority of the Assets Are In the Name of Shalan Enterprises**

25                    **LLC**

26  Debtor incorrectly asserts 1129(a)(15) bars liquidation of all the property and contribution

27

28                                    Page 6 of 8

1  of debtor disposable income in this case. In this case a individual debtor was substantially

2  consolidated with a corporate debtor. The majority of the assets being liquidated are titled in the

3  name of Shalan Enterprises LLC.    Merely because there is substantial consolidation does not

4  provide additional powers to a corporate debtor whose assets are being liquidated. In this case,

5  Rapoport was substantially consolidated into Shalan thereby potentially barring the application of

6  1129(a)(15). Kleins are entitled to bring this issue to confirmation.

7          2.    **1129(a)(15) Is Not Implicated In The Absence of An Objection From**

8                  **An Allowed Unsecured Claim**

9        Section 1129(a)(15) only applies when a holder of an allowed unsecured claim objects to

10  confirmation. In re Roedemeier, 374 B.R. 264, 271 (Bankr. D. Kan. 2007); See also In re

11  Washington, 2010 Bankr. LEXIS 1166 (Bankr. N.D. Tex. Apr. 2, 2010); In re Shat, 424 B.R.

12  854, 857 (Bankr. D. Nev. 2010). The Debtor is not a holder of an allowed unsecured claim and

13  is therefore barred from objecting under 1129(a)(15). Thus, Debtor argument regarding

14  1129(a)(15) is not even ripe because no creditor with an allowed unsecured claim has objected.

15      **B.**    **The Requirement To Make Payments Out of Disposable Income Is Not**

16             **Indentured Servitude**

17        Debtors indentured servitude argument is not applicable to this case. Debtor relies upon

18  three cases, In re Brophy, 49 B.R. 483 (Bankr. D. Haw. 1985); In re Graham 21, B.R. 235

19  (Bankr. N.D. Iowa 1982); and In re Noonan, 17 B.R. 793 (Bankr. S.D.N.Y 1982). At issue in

20  each of the cases is whether a creditor can use Section 706 to convert a Chapter 7 debtor to a

21  Chapter 11 debtor. The courts concern is with forcing a debtor to convert from a Chapter 7 to a

22  Chapter 11 bankruptcy. The issue is not whether a debtor should be required to make payments

23  in an existing Chapter 11 case.

24        In this case, Debtor chose to file Chapter 11 bankruptcy. If Debtors are not intending to

25  make payments then they should be in a Chapter 7. Debtor has had over a year to file a plan, has

26  failed to file a plan, and now has claims payments are not required in a Chapter 11 plan. Debtor

27

28                                Page 7 of 8

1   can convert to a Chapter 7 if it does not want to make payments.

2        The intent of the payments is allow the Debtor to recapture some of the assets after all the

3   creditors are paid.   If the Debtor is not going to make payments then all the property will be

4   liquidated and there will be no possibility for the Debtor to recapture assets after the creditors are

5   paid.

6                              **CONCLUSION**

7        The Kleins Disclosure statement contains adequate information and accurately describes

8   the Klein Litigation and the bankruptcy.  The Kleins representations are supported by evidence.

9   Lastly, 1129(a)(15) does not bar approval of the disclosure statement because one of the Debtors

10  is a corporate debtor and 1129(a)(15) is not implicated in the absence of an objection by an

11  allowed unsecured claimant.

12  Dated this _8_ day of December, 2010

13  DAVID J. WINTERTON & ASSOC. LTD.

14

15  By:_____

16        David J. Winterton, Esq.
        Nevada Bar No. 004142
17        211 N. Buffalo Dr., Suite A
        Las Vegas, Nevada 89145
18        (702) 363-0317

19

20

21

22

23

24

25

26

27

28                        Page 8 of 8

EXHIBIT 1

**This page is part of your document - DO NOT DISCARD**

**06 0829936**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**04/17/06 AT 08:00am**

**TITLE(S) :**



L E A D   S H E E T

**FEE**

FEE $13   H
3

**D.T.T.**



**CODE**
**20**

**CODE**
**19**

**CODE**
**9**_____

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

4295 · 004 · 034              001

**THIS FORM IS NOT TO BE DUPLICATED**

**06 0829936**

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:
Kopple & Klinger, LLP
10866 Wilshire Boulevard, Suite 1500
Los Angeles, California 90024

MAIL TAX STATEMENTS TO:
Mr. and Mrs. Alan Rapoport
2 Rue Allard
Henderson, NV 89011

[FOR RECORDER'S USE]

APN:  4295-004-034

### GRANT DEED

THE UNDERSIGNED GRANTORS DECLARE: This conveyance transfers an interest into a Trust
without consideration, R&T 11930.

"The value of the property in this conveyance,
exclusive of liens and encumbrances is $100 or less,
and there is no additional consideration received by
the grantor, R & T 11911 "

Documentary Transfer Tax: $none

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, ALAN RAPOPORT,
as to an undivided one-half (½) interest, and SHELLEY RAPOPORT, as to an undivided one-half (½)
interest, hereby GRANT to

MICHAEL GREENBERG, as TRUSTEE of the ROMA COURT QUALIFIED PERSONAL
RESIDENCE TRUST dated March 21, 2006, the real property in the City of Marina del Rey,
County of Los Angeles, State of California, and described as follows:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND
INCORPORATED HEREIN BY THIS REFERENCE

Commonly known as: 4515 Roma Court, Marina del Rey

Dated: March 21, 2006

_____
ALAN RAPOPORT

Dated: March 21, 2006

_____
SHELLEY RAPOPORT

CALIFORNIA #2 3/24/06
STATE OF ~~NEVADA~~ }
COUNTY OF LOS ANGELES } ss:

On March 21, 2006, before me DONNA K. DANIELS, Notary Public, personally appeared ALAN RAPOPORT
and SHELLEY RAPOPORT personally known to me(or proved to me on the basis of satisfactory evidence) to be the persons
whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized
capacities and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted,
executed the instrument.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Signature of Notary



D. K. DANIELS
COMM. #1517707
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. OCT. 3, 2008

3

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES } ss:

On March 21, 2006, before me D.K. Daniels, Notary Public, personally appeared ALAN RAPOPORT
and SHELLEY RAPOPORT personally known to me(or proved to me on the basis of satisfactory evidence) to be the persons
whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized
capacities and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted,
executed the instrument.

WITNESS MY HAND AND OFFICIAL SEAL.

D.K. Daniel
_____
Signature of Notary



D. K. DANIELS
COMM. #1517707
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. OCT. 3, 2008

**06 0829936**

## EXHIBIT "A"

LOT 4 OF BLOCK 12, OF SILVER STRAND, AS PER MAP RECORDED IN BOOK 7, PAGE 86 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.

EXCEPT ALL OIL AND MINERAL RIGHTS AFFECTING SAID PROPERTY LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE THEREOF WITH NO RIGHT OF ENTRY AND NO SURFACE RIGHTS AS RESERVED BY VENICE PENINSULA PROPERTIES, A LIMITED PARTNERSHIP, IN DEED RECORDED JUNE 20, 1979, AS INSTRUMENT NO. 79-668845 OFFICIAL RECORDS.

06 0829936

EXHIBIT 2

Page 1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

# CONDENSED TRANSCRIPT

In Re                )
                     )
Alan Rapoport,       )
                     )    Case No. 2:09-bk-43499-SB
        Debtor.      )
                     )
_____)

AUDIO TRANSCRIPTION OF
341 MEETING OF CREDITORS HELD JANUARY 26, 2010

Transcribed by Kathy Hoffman

All-American Court Reporters (702) 240-4393
www.aacrlv.com

...63-PC    Doc 172    Filed 12/08/10    Entered 12/08/10 16:46:26...2010
...ription of 341Meeting of Creditors...Alan Rapoport Page 16 of 24

8 (Pages 26 to 29)

Page 26

MR. BASS: You can answer as to Shallon.

MR. RAPOPORT: Shallon was created –

MR. BASS: But it's not a trust.

MR. RAPOPORT: It's an LLC.

MR. BASS: It's an LLC. And that was the other – that's the entity that's in the related Chapter 11.

MR. CLEMETSON: Okay.

MR. BASS: It was the estate planning vehicle.

MR. CLEMETSON: Okay. Do you have any other living trusts that you're a party to?

MR. RAPOPORT: Not that I know of.

MR. BASS: Yes. There is the Alan and Shelly Rapoport Living Trust, which is listed in Schedule B.

MR. CLEMETSON: Have any assets been transferred into the Alan and Shelly Rapoport living trust?

MR. WINTERTON: Are you giving the answers to him?

MR. BASS: No, I asking –

MR. WINTERTON: Because I see you looking at him.

MR. BASS: No. No, no, no.

Page 27

MR. WINTERTON: And he's shaking his head (inaudible).

MR. BASS: I'm not sure whether – no, Mr. Winterton (ph), I'm not. I'm not sure technically if the interest in Shallon Enterprises is held with the family trust.

MR. CLEMETSON: Mr. Rapoport, do you know?

MR. RAPOPORT: No, I don't.

MR. CLEMETSON: Okay. Do you know if any other property has been transferred into the living trust?

MR. RAPOPORT: No, I don't.

MR. BASS: Mr. Clemetson, just so you're clear, whether it's owned by Mr. Rapoport individually or by the trust, it's listed on the schedules.

MR. CLEMETSON: Okay.

MR. BASS: So there's no trust property that's not listed.

MR. CLEMETSON: Okay. That is helpful. Is that correct, Mr. Rapoport?

MR. RAPOPORT: Yes.

MR. BASS: I don't mean to testify. I think I better understood the question that you were asking.

MR. CLEMETSON: Okay. Aside from the Alan and Shelly Rapoport Living Trust, the related debtor of

Page 28

Shallon Enterprises, LLC, and the personal residence trust that you just testified to, do you have any interest in any other trusts or estate planning vehicles?

MR. RAPOPORT: I thought that there was an insurance trust as well, but I'd really have to check with my estate planner.

MR. CLEMETSON: Okay. And what's your understanding of what the insurance trust is?

MR. RAPOPORT: That there -- the insurance policies, or whatever they are, are an insurance trust.

MR. CLEMETSON: Okay. So aside from your life insurance policy, would any other assets be handled in the insurance trust?

MR. RAPOPORT: No.

MR. CLEMETSON: Okay. So aside from that, what you just described, the insurance trust, do you have any interest in any other trusts?

MR. RAPOPORT: No.

MR. BASS: Just to make clear, there's three insurance policies listed on the schedules that are not in a trust. They're all individual.

MR. CLEMETSON: Okay. Are those --

MR. BASS: Those are the -- they're on B9.

MR. CLEMETSON: I saw those. Are these --

Page 29

are the policies that would be owned by the insurance trust in addition to these?

MR. RAPOPORT: I don't --

MR. BASS: We can get you the information on the insurance trust.

MR. CLEMETSON: Please, yeah, because the testimony was is that all assets, whether they be in trusts or not in trusts are specifically identified on the schedules; is that correct?

MR. BASS: Right, they are.

MR. CLEMETSON: Okay. So if there are insurance policies that don't fall under that category, that are in the insurance trust, then let us know about that.

Finally, you show an interest in – 50 percent interest in condominium Turnberry Towers. Where is that condominium located?

MR. RAPOPORT: In Las Vegas, Nevada.

MR. CLEMETSON: Do you believe that there's any equity in it?

MR. RAPOPORT: No, I do not.

MR. CLEMETSON: Okay. Moving on to the real property that you listed -- well, before I ask about that, does Mrs. Rapoport have any separate property that's not listed in your bankruptcy schedules?

**Page 30**

MR. RAPOPORT: There is --

(Inaudible conversation.)

MR. RAPOPORT: They're all listed.

MR. CLEMETSON: Okay. So no separate property that is not listed on the schedules?

MR. RAPOPORT: No.

MR. CLEMETSON: Okay. I'm going to ask you about the real property you listed on Schedule A now. Are all of these properties occupied by tenants at this point?

MR. RAPOPORT: Yes, except for Apartment 2-I at 404 East 76th Street. She moved out in November.

MR. CLEMETSON: Okay.

MR. BASS: And 2 Rue Allard Way. That's not occupied by a tenant either.

MR. CLEMETSON: 2 Rue? Okay.

MR. BASS: Yeah, that's the property in Las Vegas, the house.

MR. CLEMETSON: Okay. And I believe your counsel mentioned that both of the New York properties and the property in Henderson, Nevada, on Rue Allard Way are being market for sale; is that correct?

MR. RAPOPORT: That's correct.

MR. CLEMETSON: Okay. Are any of the other properties being marketed at this time?

**Page 31**

MR. RAPOPORT: Not at this moment.

MR. CLEMETSON: You've provided us with proof of insurance. I show that three policies -- or two policies expired in November of 2009. They are the property on Harmon, No. 1501, in Las Vegas. Well, both properties on Harmon I show that we have expired insurance on. As far as you are aware, were those policies renewed?

MR. RAPOPORT: As far as I'm aware, the mortgages and the insurance policies were stopped. We were trying to negotiate with the bank for a loss litigation or to get them to take them back.

MR. CLEMETSON: Okay. So you haven't made any mortgage payments or insurance?

MR. RAPOPORT: Since October to my knowledge.

MR. CLEMETSON: Okay.

MR. RAPOPORT: Except I think -- I would have to check on the insurance.

MR. CLEMETSON: Okay. We'll need proof of current insurance coverage because we need to file a motion if we don't have that. Even if you don't think the properties have value, they could still be a liability.

Do you have any plans to sell any of the

**Page 32**

other properties in the next six months?

MR. RAPOPORT: Yes, we're going to start to liquidate to the Agora Hills properties as they become available.

MR. BASS: But those are Shallon properties. Those are the ones in the other case.

MR. CLEMETSON: Yeah, for this purpose, I'm just asking about the ones that are listed in your personal --

MR. RAPOPORT: No.

MR. CLEMETSON: -- case. Okay.

MR. BASS: Mr. Clemetson, on the properties without the insurance, we may choose to abandon those. And if we do, we probably won't get the insurance. But we'll work -- we're going to discuss with the lenders what to do with those.

MR. CLEMETSON: Okay. Great. Also, Mr. Bass, Schedule A should show the amount of secured debt associated with these properties. You've listed amounts in Schedule D, but it says unknown for everything on Schedule A. Is there some reason for that?

MR. BASS: No. We will amend those. That's one of the things that we need to do.

MR. CLEMETSON: Okay.

**Page 33**

MR. BASS: It does show on Schedule D, though.

MR. CLEMETSON: Okay. Yes, it does. You've listed a number of tax liens. Were any of these liens going -- were any of these properties going to tax sales before you filed for bankruptcy?

MR. RAPOPORT: No.

MR. CLEMETSON: Okay. Are the tax liens for property taxes?

MR. BASS: Yes, they would be for property taxes.

MR. CLEMETSON: Okay. Have you transferred any property to another person outside the ordinary course of business in the last three years?

MR. RAPOPORT: Transferred any property to another person?

MR. CLEMETSON: Yes. Sold, gifted?

MR. RAPOPORT: No.

MR. CLEMETSON: Okay. Is anyone holding property on your behalf?

MR. RAPOPORT: No.

MR. CLEMETSON: Okay. At this time I don't have any further questions. Do the creditors present have questions?

MR. WINTERTON: Yes, we do.

EXHIBIT 3

**Alan Rapoport - 5/6/2010**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

```
In re                              )
                                   )
SHALAN ENTERPRISES, LLC            )
Substantially consolidated with    )  CASE NO.
Alan Rapoport,                     )  2:09-bk-43499-SB
                                   )  2:09-bk-43263-SB
Debtor                             )
                                   )
X This pleading affects Shalan only )
X This pleading affects Rapoport only )
  This pleading affects both Shalan )
  and Rapoport.                    )
_____)
```

DEPOSITION OF ALAN RAPOPORT

THURSDAY, MAY 6, 2010



REPORTED BY:

Shanti Ellis, CSR #13205

**Depo Dynamics**
**(888) 494-3370**

e15a3ffe-903b-47dc-a452-57966ad1be73

**Alan Rapoport - 5/6/2010**

1   with my eyes.  Oh, I can't read that.  Are they the same

2   number?

3       Q    They are.

4       A    Then I would say these are from two different

5   dates and the stock market changed.  I can't answer.

6       Q    On -- you may not be able to read this, but it

7   says that both accounts were printed out as of 4:02 p.m.

8   on 10/27/2009.

9       A    I think you have to ask Prudential, not me.

10      Q    We conducted a judgment debtor exam prior to your

11  filing bankruptcy, and you produced both of these to us.

12      A    Okay.

13      Q    And both of these were your -- were two

14  retirement accounts.

15      A    I believe you.

16      Q    Okay.  So you have two accounts one with 734,000

17  and the other 826,000; correct?

18      A    Correct.

19           MR. WINTERTON:  Okay.  We'd like these marked as

20  exhibits.

21           (Exhibits 2 and 3 were marked for

22           identification.)

23  BY MR. WINTERTON:

24      Q    Do you have knowledge whether or not you put both

25  of these on your bankruptcy petition?

e15a3ffe-903b-47dc-a452-579

# Welcome to NetBenefits® for CELS ENTERPRISES

**Portfolio Total:  $734,097.78***

Hide $

### Savings Plans

**CELS ENTERPRISES**
401(k): 15395

Select Action ▼

$734,097.78

| Investments | NAV | 1-Day Chg ($) | Balance |
|---|---|---|---|
| FA DIVIDEND GROWTH T | $9.89 | -$0.17 | $36,264.01 |
| FA DYNAM CAP APPR T | $14.36 | -$0.23 | $50,089.75 |
| FA HIGH INC ADV T | $8.78 | -$0.05 | $37,208.35 |
| FA INTL CAP APP T | $9.63 | -$0.20 | $108,910.00 |
| FA MID CAP T | $15.80 | -$0.31 | $36,262.14 |
| FA NEW INSIGHTS T | $16.25 | -$0.16 | $59,129.72 |
| FA OVERSEAS T | $16.70 | -$0.30 | $72,869.40 |
| FA SMALL CAP T | $20.60 | -$0.22 | $36,692.41 |
| FA VALUE STRAT T | $19.81 | -$0.38 | $36,160.10 |
| PIMCO TOTAL RETURN A | $10.88 | -$0.02 | $224,253.66 |
| RS GLOBAL NAT RES A | $28.97 | -$0.58 | $36,258.24 |

**☼ Quick Links:** View Year-to-Date Change      Get online statement

Total   **$734,097.78***

An easy guide to NetBenefi

Make the most of retirement plan

☒ View the Easy to your Plan O (PDF)

PDFs require Adobe® Reader®

**Your Profile**
Update your contact information

**Your E-Mail Address**
srapoport@ca.rr.com

Update

**Market Update**
Current Market Volatility

☒ Watch the New Q3 Quarterly Marke Perspective Video.

| | |
|---|---|
| INDU | 9,882.17 |
| SPX | 1,063.41 |
| NASDAQ | 2,116.09 |
| RUT | 586.99 |
| DJT | 3,704.32 |
| DJU | 370.40 |

As of 4.02pm E
10/27/20(

Terms of Use

©BigChar

### Tools & Learning

Get the guidance, information, and tools you need to help you save for all your financial goals.

See all your finances in one place with Full View®, including investment, bank and credit card accounts.

* Workplace Savings accounts reported as of the end of the day: 10/26/2009.

**Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus, or view one online. Read it carefully before you invest.**

Brokerage Products and Services are offered through Fidelity Brokerage Services LLC, Member NYSE, SIPC.

Investment and workplace savings plan products and services offered directly to investors and plan sponsors are provided by Fidelity Brokerage Services LLC, Member NYSE, SIPC, 300 Puritan Way, Marlborough, MA 01752.

Investment and workplace savings plan products and services distributed through investment professionals are provided by Fidelity Investments Institutional Services Company, Inc., 82 Devonshire Street, Boston, MA 02109.

NetBenefits® provided by

 Fidelity
INVESTMENTS

© 1996–2009 FMR LL
All rights reserve



EXHIBIT
5-6-10
2
Alan Rapoport

# Welcome to NetBenefits® for CELS ENTERPRISES

**Portfolio Total:  $826,767.85***

Hide $

**An easy guide to NetBenefi**

### Savings Plans

**CELS ENTERPRISES**
401(k): 15395

Select
Action ▾

$826,767.85

**Market Update**
Current Market
Volatility

☐ Watch the New
Q3 Quarterly Marke
Perspective Video.

| Investments | NAV | 1-Day Chg ($) | Balance |
|---|---|---|---|
| FA DIVIDEND GROWTH T | $9.89 | -$0.17 | $40,841.86 |
| FA DYNAM CAP APPR T | $14.36 | -$0.23 | $56,412.90 |
| FA HIGH INC ADV T | $8.78 | -$0.05 | $41,905.40 |
| FA INTL CAP APP T | $9.63 | -$0.20 | $122,658.44 |
| FA MID CAP T | $15.80 | -$0.31 | $40,839.75 |
| FA NEW INSIGHTS T | $16.25 | -$0.16 | $66,594.06 |
| FA OVERSEAS T | $16.70 | -$0.30 | $82,068.19 |
| FA SMALL CAP T | $20.60 | -$0.22 | $41,324.34 |
| FA VALUE STRAT T | $19.81 | -$0.38 | $40,724.84 |
| PIMCO TOTAL RETURN A | $10.88 | -$0.02 | $252,562.71 |
| RS GLOBAL NAT RES A | $28.97 | -$0.58 | $40,835.36 |

**Make the most of retirement plan**

🔲 View the Easy to your Plan O (PDF)

PDFs require Adobe® Reader®

**Your Profile**
Update your
contact information

| | |
|---|---|
| INDU | 9,882.17 |
| SPX | 1,063.41 |
| NASDAQ | 2,116.09 |
| RUT | 586.99 |
| DJT | 3,704.32 |
| DJU | 370.40 |

As of 4.02pm E
10/27/200

Terms of Use

©BigChar

ⓞ Quick Links: View Year-to-Date Change    Get online statement

**Total   $826,767.85***

**Your E-Mail Address**
srapoport@ca.rr.com

Update

### Tools & Learning

Get the guidance, information, and tools **you need to help you save for all your financial goals.**

See all your finances in one place with Full View®, **including investment, bank and credit card accounts.**

\* Workplace Savings accounts reported as of the end of the day: 10/26/2009.

**Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus, or view one online. Read it carefully before you invest.**

Brokerage Products and Services are offered through Fidelity Brokerage Services LLC, Member NYSE, SIPC.

Investment and workplace savings plan products and services offered directly to investors and plan sponsors are provided by Fidelity Brokerage Services LLC, Member NYSE, SIPC, 300 Puritan Way, Marlborough, MA 01752.

Investment and workplace savings plan products and services distributed through investment professionals are provided by Fidelity Investments Institutional Services Company, Inc., 82 Devonshire Street, Boston, MA 02109.

NetBenefits® provided by

**Ⓕ Fidelity**
INVESTMENTS

© 1996-2009 FMR LL
All rights reserve



EXHIBIT
5 — 6 — 10
3
Alan Rapoport

| In re:<br>SHALAN ENTERPRISES, LLC, substantially consolidated with ALAN<br>RAPOPORT<br><br>                                                                    Debtor(s). | CHAPTER 11<br><br>Case No.: 2:09-bk-43263-PC<br>Case No.: 2:09-bk-43499-PC |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

506 Santa Monica Blvd. Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document described **REPLY TO OBJECTION OF DEBTOR'S DISCLOSURE STATEMENT FILED BY PERRY AND RITA KLEIN**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On   12/8/10   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On   12/8/10   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I  served  the  following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/8/10 | Brian Link | /s/ Brian Link |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:<br>SHALAN ENTERPRISES, LLC, substantially consolidated with ALAN RAPOPORT<br><br>Debtor(s). | CHAPTER 11<br><br>Case No.: 2:09-bk-43263-PC<br>Case No.: 2:09-bk-43499-PC |
|---|---|

**BY NEF:**

    Robert D Bass    rbass@greenbass.com
    Russell Clementson    russell.clementson@usdoj.gov
    Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
    Caroline Djang    crd@jmbm.com
    Joseph A Eisenberg    jae@jmbm.com
    Thomas M Geher    tmg@jmbm.com
    Jeffrey J Hagen    hagenlaw@earthlink.net
    Sheri Kanesaka    sheri.kanesaka@bryancave.com
    Charles Liu    cliu@mrllp.com
    United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
    David J Williams    dwilliams@mrllp.com

**BY MAIL:**

Hon. Peter Carroll
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Russell Clementson
725 S Figueroa Ste 2600
Los Angeles, CA 90017

Joseph A Eisenberg
Caroline Djang
Jeffer Mangels Butler & Marmaro LLP
1900 Ave Of The Stars, 7th Flr
Los Angeles, CA 90067

Robert D Bass
Greenberg & Bass LLP
16000 Ventura Blvd Ste 1000
Encino, CA 91436

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**